UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lashonda Mathis,<br><br>                      Plaintiff<br><br>vs.<br><br>Penland Automotive, LLC,<br><br>                      Defendant | Civil Action No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

**JURISDICTION**

1. The Plaintiff resides in Greenwood County in the State of South Carolina.

2. The Defendant Penland Automotive, LLC is a limited liability company with its principal place of business, "nerve center" and headquarters in the State of Gray Court, South Carolina, and whose members reside in South Carolina.

3. This action involves, *inter alia*, a civil action arising under the Constitution, laws, or treaties of the United States.

4. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337.

**FACTUAL ALLEGATIONS**

5. In or around 2016 Plaintiff purchased an automobile from Defendant.

6. Since the 2016 purchase, Plaintiff did not apply for credit from Defendant, attempt to purchase a vehicle from Defendant, or otherwise enter into or initiate any transaction or prospective transaction with Defendant.

7. Nevertheless, on or about May 27, 2017 Defendant, without authorization or any permissible purpose, obtained Plaintiff's Equifax credit file.

8. Further, upon information and belief, Defendant unlawfully and without Plaintiff's permission applied for a loan in her name.

9. Plaintiff learned of Defendant's unauthorized and illegal acts in or around June of 2017, when she received an alert from a credit monitoring service that unknown persons had applied for credit in her name, and when she received an Equal Credit Opportunity Act (ECOA) adverse action notice notifying her that "her" loan application had been denied.

10. The hard inquiry on Plaintiff's file, unlawfully initiated by Defendant, invaded her privacy and damaged her credit score, and caused such other actual damages as may be shown at trial.

11. As a direct and proximate result of the foregoing illegal acts, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (15 USC 1681b, Permissible Purpose)

12. Plaintiff realleges and incorporates the allegations contained elsewhere herein to the extent not inconsistent with the allegations of this Cause of Action.

13. Defendant is a user and furnisher of information as defined in the Fair Credit Reporting Act, as amended.

14. Defendant knowingly and willfuly and/or negligently obtained Plaintiff's credit file without any permissible purpose, in violation of 15 U.S.C. 1681b, and 1681q, and 1681r, et. seq.

15. Additionally, Plaintiff is informed and believes that Defendant reported the debt to credit reporting agencies without noting that the debt was "disputed" as required by federal law.

16. As a direct and proximate result of Defendant's negligent and willful violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, invasion of privacy, emotional distress and interference with normal and usual

activities, for which Plaintiff seeks damages in an amount to be determined by the jury. 15 U.S.C. §§1681n and 1681o.

17. Plaintiff further requests attorney fees pursuant to 15 U.S.C. §1681o(a).

## FOR A SECOND CAUSE OF ACTION

### (Invasion of Privacy)

18. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

19. Plaintiff had a right and an expectation to be left alone.

20. Defendant invaded Plaintiff's privacy through the wrongful intrusion into Plaintiff's private activities.

21. Defendant's conduct was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

22. Defendant's intrusion was substantial and unreasonable.

23. Defendant's intrusion was intentional.

24. As a direct and proximate result of the foregoing, Plaintiff has been damaged.

25. Plaintiff should be granted judgment against Defendant for actual damages as well as punitive damages as are authorized by statute and attorney fees, and such other relief as is just and proper.

## FOR A THIRD CAUSE OF ACTION

### (Violation of SC Code § 37-5-108)

26. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

27. The transaction set forth above is a consumer transaction.

28. The seller, lessor, and/or lender knew at the time a transaction is entered into that there is no reasonable probability of payment in full of the obligation by the Plaintiff or debtor or benefit to the Plaintiff, as indeed she did not know of any 2017 transaction.

29. Defendant knowingly took advantage of Plaintiff's ignorance of the transaction to apply for credit in her name.
30. Judgment should be granted to Plaintiff's for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A FOURTH CARUSE OF ACTION

### (Violation of SC Code § 39-1-90)

31. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.
32. Defendant is a "person" conducting business in the State of South Carolina as defined in S.C. Code Ann. § 39-1-90(A).
33. Defendant owned, licensed or maintained computerized data or other data that included personal identifying information.
34. Under the above code section, Defendant had to disclose a breach of the security of its system and/or disclosure of personal identifying information "immediately" or, depending on certain factors, "in the most expedient time possible and without unreasonable delay."
35. Defendant did neither.
36. Defendant, to this date, have never provided notification to Plaintiff as to the unauthorized use of her personal identifying information even though Defendant knew or should have known of its unauthorized use.
37. As a direct and proximate result of the of the above, Plaintiff is entitled to:
    a. institute a civil action to recover damages in case of a willful and knowing violation;
    b. institute a civil action that must be limited to actual damages resulting from a violation in case of a negligent violation of this section;
    c. seek an injunction to enforce compliance; and
    d. recover attorney's fees and court costs.

38. Defendant is further liable for such civil fines, administrative penalties and other sanctions provided under S.C. Code Ann. § 39-1-90(H).

## **PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper, including the destruction of all personal identifying information in possession or control of the Defendant.

DAVE MAXFIELD, ATTORNEY, LLC

By: s/ Dave Maxfield
David A. Maxfield, Esq., Fed ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

November 10, 2017